**James Eugene TAYLOR, Petitioner–Appellant,**

v.

**UNITED STATES of America; K.J. Wendt, Warden, Respondents–Appellees.**

No. 04–11454.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 16, 2005.

James Taylor, Federal Correctional Institution Seagoville, Seagoville, TX, for Petitioner–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

James Eugene Taylor, federal prisoner # 31419–077, appeals the denial of his 28 U.S.C. § 2241 petition, in which he alleged that the Government had failed to disclose exculpatory evidence in securing his conviction in the Northern District of Texas. Taylor argues that the district court erred in denying his petition. In an appeal from the denial of habeas relief, this court reviews the district court's findings of fact for clear error and issues of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).

A petition filed under 28 U.S.C. § 2241 which attacks errors that occurred at trial or sentencing should be dismissed or construed as a motion under 28 U.S.C. § 2255. *Id.; Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). Taylor's 28 U.S.C. § 2241 petition challenged his conviction, rather than attacking the manner in which his sentence was being executed. Taylor has not shown that the remedy provided under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). Further, the district court lacked jurisdiction to construe Taylor's petition as a successive motion under 28 U.S.C. § 2255. *See Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir.1999).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's judgment denying Taylor's petition is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.